UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KATHY HALL and CLIFFORD HALL | ) |
| Plaintiffs, | ) |
| v. | ) CASE NUMBER: 1:19 CV 0096 |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant's, United States of America ("the Government's"), "Motion to Dismiss Plaintiffs' Complaint for Damages for Personal Injury or Alternatively for Summary Judgment" [DE 4]. Plaintiffs responded in opposition and the Defendant replied. For the following reasons, the Government's Motion will be GRANTED.

**FACTUAL and PROCEDURAL BACKGROUND**

On January 15, 2016, while in the parking lot on her way to the United States Post Office ("USPS") in Corunna, Indiana, Plaintiff Kathy Hall ("Kathy") slipped on ice and snow fracturing her ankle. Plaintiffs allege the Government (as well as others named in a separate suit) are liable for damages under a theory of negligence for failing to maintain the parking lot in a reasonably safe condition and warn Kathy of the danger presented. (Complaint, DE 1).

Plaintiffs' Complaint against the Government is brought under provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, et seq. Pursuant to the procedural requirements of the FTCA, the Plaintiffs filed their Claims for Damage, Injury, or Death, loss of services and consortium with the USPS on July 22, 2016. (Declaration of Kimberly Herbst, at ¶3, hereafter,

1

"Herbst Dec. at ¶___."). The USPS denied Kathy's claim on August 14, 2017, asserting that its investigation revealed there was no negligent or wrongful act or omission by an employee of the USPS since the location of Kathy's fall was not owned or maintained by the USPS. (Herbst Dec., Exhibits B, D and E).[1] Kathy's denial letter advised her that if she disagreed with the USPS determination, she should file suit. It further specifically set forth the following:

> …any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

(DE 5-1, Exhibit B). Additionally, the letter specifically referenced the FTCA statutory citation.

On October 19, 2017, Plaintiffs filed a state court action in DeKalb Superior Court naming Mark Souder and Pitney Bowes, Inc, as defendants. (Chronological Case Summary, DE 5-2). The Government was not named initially in this suit. On December 13, 2017, the Honorable Kevin Wallace of Dekalb Superior Court recused himself from the case and the parties agreed to the appointment of a special judge. However, while the parties awaited the appointment of the special judge, the Plaintiffs, despite being advised in Kathy's denial letter that suit was proper in a United States District Court against the United States of America, filed a Proposed Amended Complaint in the state court naming the USPS (not the United States) as a defendant. After the first special judge declined the appointment, on April 18, 2018, a second special judge, Honorable Allen N. Wheat, of the Steuben Circuit Court accepted the appointment. Thereafter, on June 5, 2018, Judge Wheat ordered the case transferred to the Steuben Circuit Court and granted the Plaintiffs' Motion to Amend the Complaint from December 28, 2017, naming the USPS (not the United States of

---

[1] Clifford Hall's ("Clifford's") claim was denied on July 26, 2018. Although Clifford's administrative claim was denied nearly a year after Kathy's, the Plaintiffs concede that Kathy had until February 14, 2018 to bring her action against the United States.

America) as a Defendant. On the same date, the Plaintiffs filed a Second Amended Complaint naming Frank Nester and Nester Construction, as additional defendants.

The USPS received a summons from the DeKalb Superior Court[2] on June 12, 2018 and the United States Attorney's Office received a summons on June 8, 2018. Upon receipt of the summons, pursuant to 28 U.S.C. §1442, the Government removed the case to the district court on July 6, 2018, see *Hall, et al. v. Souder, et al.,* 1:18-CV-210 TLS/SLC ("hereafter, Hall I"). The Government then moved to dismiss the case for lack of derivative jurisdiction,[3] which the Court granted on March 4, 2019. (Hall I, at DE 22).[4] The remaining state claims were remanded to the Steuben Circuit Court. (*Id.*). Fifteen days thereafter, Plaintiffs refiled their claims in an attempt to invoke the original jurisdiction of this Court and naming, for the first time, the proper party defendant, the United States of America. The Government now moves to dismiss claiming that the attempt to invoke the Court's original jurisdiction is untimely under the FTCA.

---

[2] It appears that the Steuben Circuit Court approved the Amended Complaint without requiring new summons or a revised Amended Complaint showing the case had been transferred. Thus, the summons were issued from the Dekalb Superior Court and not the Steuben Circuit Court. Plaintiffs then filed a Revised Amended Complaint, changing the caption to reflect the transfer to the Steuben Circuit Court.

[3] The derivative jurisdiction doctrine dictates that when a case is removed to a federal district court under 28 U.S.C. § 1442, the federal court acquires only the jurisdiction that the state court had before the case was removed. See *Rodas v. Seidlin,* 656 F.3d 610, 615 (7th Cir.2011); *Edwards v. United States Dep't of Justice,* 43 F.3d 312, 316 (7th Cir.1994).

[4] The Plaintiffs argued that the jurisdictional language of 39 U.S.C. § 409(a) of the Postal Reorganization Act, which confers concurrent jurisdiction on federal courts, applied to make the state court suit proper. Because they asserted that the state court suit is proper, they argued that derivative jurisdiction was proper in Federal Court. The Court disagreed and held that the FTCA provides the exclusive remedy for any tort involving an employee of the United States. As a result, the Court dismissed the case.

**DISCUSSION**

It is well established that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued," and hence may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to the suit. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Sovereign immunity extends to both the United States as well as its agencies. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). In the FTCA, "Congress waived the United States's sovereign immunity for suits brought by persons injured by the negligence of federal employees acting within the scope of their employment." *Furry v. United States*, 712 F.3d 988, 992 (7th Cir. 2013) (citing *Emp'rs Ins. of Wausau v. United States*, 27 F.3d 245, 247 (7th Cir. 1994)). The FTCA is the exclusive remedy for any tort claim resulting from the negligence of a government employee acting within the scope of employment, see *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012), and federal district courts have exclusive jurisdiction over such FTCA claims. See *Keller v. United States*, 771 F.3d 1021, 1022 (7th Cir. 2014) (citing 28 U.S.C. § 1346(b)(1) and § 2674).

The Government asserts that the Complaint must be dismissed because the Plaintiffs failed to comply with the FTCA and timely file their Complaint in the District Court naming the proper party. While the Supreme Court has held that the failure to comply with the FTCA is not jurisdictional, *see United States v. Kwai Fun Wong,* 135 S. Ct. 1625, 1633, 191 L. Ed. 2d 533 (2015)*,* to institute an action against the United States under the FTCA, a claimant must first exhaust her administrative remedies by filing an administrative claim with the appropriate federal agency, 28 U.S.C. § 2675(a), and she must do so within the time provided by the two-year statute of limitations as set forth in the FTCA. 28 U.S.C. § 2401(b). Section 2401(b) requires that the claimant file an administrative claim within the appropriate federal agency within two years of the claim accruing and file a complaint in the district court within six months of the denial of the

administrative claim. *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (citing 28 U.S.C. § 2675(a)); *PW by Woodson v. United States*, No. 2:17-CV-407-TLS, 2019 WL 4246763, at *5 (N.D. Ind. Sept. 5, 2019). At issue here is the second requirement, that is, whether the Plaintiffs filed a complaint in the district court within six months of the denial of Kathy's administrative claim.

The Government argues that on its face, the Plaintiffs did not comply with this limitations period as they filed suit initially in state court and, eventually attempted to add the USPS to that state court suit. As part and parcel of its argument, the Government adds that the Plaintiffs were specifically advised in the denial notice where to file suit, the time frame for filing suit, and the proper party defendant. Thus, it contends, that the failure of Plaintiffs or their counsel to heed the roadmap they were provided to properly file suit should not deprive the Government of the statute of limitations.

In response, the Plaintiffs' argument is two-fold. First, they claim that case law holds that where a plaintiff files a defective pleading in state court against a federal entity and that claim is dismissed for lack of derivative jurisdiction, the plaintiffs should be given the opportunity to refile a proper claim. *See Abu-Hamos v. First Merit Bank,* 2015 WL 7710374 (N.D. Ill. Nov. 30, 2015); *Pelto v. Office Of Reg'l Chief Counsel*, 2013 WL 5295678 (W.D.Wis. Sept. 19, 2013). Second, they assert that while they filed the Complaint in state court, their attempt to add the USPS (but not the United States as advised in the notice) was within 6 months of the denial of Kathy's administrative claim. For this reason, they argue that "the time limits in the FTCA are just time limits, nothing more. Even though they govern litigation against the Government, a court can toll them on equitable grounds." *Kwai Fun Wong,* 135 S. Ct. at 1633. They assert that this Court should toll the 6 month period from the date of amended state court filing.

5

Both of Plaintiffs' arguments are variations of the concept that this Court should equitably toll their failure to comply with the FTCA requirements. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Credit Suisse Secs. (USA) LLC. v. Simmonds*, 566 U.S. 221, 227 (2012) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis omitted).

With respect to the Plaintiffs' first argument, it is true that in general terms cases support the notion that a plaintiff should not be prevented from invoking the court's original jurisdiction after a previous complaint has been dismissed for lack of derivative jurisdiction. Unfortunately, however, none of the cases cited by the Plaintiffs hold that a plaintiff has an unfettered right to refile the complaint after a statute of limitations expires. Rather, in *Pelto,* the plaintiff, proceeding *pro se*, filed her administrative appeal for supplemental social security benefits in state court rather than federal court, which has exclusive jurisdiction of such claims. Once the Government removed the case, the Court dismissed the claim for lack of derivative jurisdiction, but specifically noted the following:

> Although plaintiff may refile her complaint in federal court by paying a separate filing fee, she would still need to clear the hurdle identified by defendant with respect to the statute of limitations, which appears to have expired on October 18, 2011. *See discussion, supra,* at p. 7, n.B. Because "the 60–day requirement is not jurisdictional, but rather constitutes a period of limitations," it is subject to equitable tolling. *Bowen v. City of New York,* 476 U.S. 467, 478 and 480–81 (1986) (citations omitted)…Although this court may be inclined to toll the limitations period from the time plaintiff filed her complaint in state court and the dismissal of the case in this court given the harshness of the result under the derivative jurisdiction doctrine here, plaintiff would still have to explain why she waited to file her complaint in state court until two days *after* the expiration of her filing period.

*Pelto*, 2013 WL 5295678 at *3. Thus, the Court indicated it may consider equitable tolling under the circumstance, but it required an explanation from the plaintiff as to why she delayed.

Here, as the Government points out, the Plaintiffs offer no explanation whatsoever as to why they ignored the instructions in the denial notice, filed suit in state court and named an improper party defendant. Plaintiffs imply that because they believed that the jurisdictional language of 39 U.S.C. § 409(a) of the Postal Reorganization Act, conferred concurrent jurisdiction in state and federal courts (despite the clear direction in the notice that the suit "may be heard only by a federal district court"), this might excuse their conduct. However, the deficiencies of a lawyer are imputed to the client. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 396-397 (1993). Thus, Plaintiffs' counsel took a gamble; he ignored the clear directives and statutory references in the denial notice and filed suit in state court. *See Kinson v. United States, 322* F.Supp.2d 684, 686 (E.D. Va. 2004) (where plaintiff had notice that, if she was dissatisfied with the administrative result, she should file suit against the United States in an appropriate *United States District Court* within six months of the administrative decision being mailed and failed to comply, no equitable tolling). For this reason, the Court is not inclined to apply equitable tolling or conclude that the Plaintiffs meet the above requirements for tolling under these circumstances.

In sum, Plaintiffs have essentially thrown out a weak "we tried" defense. They assert that they attempted to preserve their rights when they filed the amended complaint in state court. They assert that the amended complaint was timely when filed, despite it not being approved until outside the 6 month period, and that the state court process was "extraordinary" and impeded their progress. Simply put, Plaintiffs were told precisely what course of action to take. They did something entirely different and now seek to hold the Government's feet to the fire. This is not the type of situation that warrants equitable tolling.[5] Accordingly, the Government's Motion to Dismiss is GRANTED.

---

[5] Additionally, the Government notes that it had no notice of the filing of the proposed amended complaint and was not served with the amended complaint in the state court proceeding until after the six (6) month

**CONCLUSION**

Based on the foregoing, the Government's Motion to Dismiss or Alternatively for Summary Judgment [DE 4] is GRANTED. The Clerk is directed to enter judgment in favor of the Defendant.

Entered: This 1st day of October, 2019.

s/ William C. Lee
United States District Court

---

period had elapsed. The Plaintiffs could have provided the Government with a courtesy notice of the filing, but did not. Thus, until it received a summons outside the statutory period, the Government was completely in the dark that the Plaintiffs were asserting a claim. Moreover, the Government argues that Indiana Rule of Trial Procedure 15(c) appears to require a notice be provided to a new defendant within 120 days of the filing of the motion to amend, which it did not receive. The Court makes no interpretation of whether compliance with the state court rule was required.